No. 2068.—C. F. LEX AND WIFE *v.* THE SOUTHERN EXPRESS COMPANY

*To enable a defendant to obtain a continuance of the cause, on the ground that the testimony of a material witness is not in the record, it must be shown that due diligence has been used to procure such testimony.*

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *W. W. Handlin,* for plaintiffs and appellees. *H. J. Leovy,* for defendants and appellants.

HOWE, J. When this case was called for trial in the court below, the counsel for defendants made an application for a continuance on the ground of the absence of the superintendent of the defendants, whom he alleged to be a material witness. The judge refused the continuance, and, proceeding with the trial, gave judgment in favor of plaintiffs, from which the defendants have appealed.

They claim that the judge erred in refusing a continuance. The record, however, does not show due diligence on defendant's part. The suit was instituted March 20, 1868. The answer, a general denial, was filed April 7, 1868. Testimony was taken for plaintiffs by commission during the summer and in the clerk's office in November, 1868. The cause, we presume, was regularly called and fixed for trial at least a week prior to the sixteenth of December, 1868, the day on which the application for a continuance was finally made. The affidavit

did not show why the testimony of the absent superintendent had not been taken, why he had not been notified to be present, and especially did not state what the defendants expected to prove by him or by any witnesses whom he might furnish. It is quite possible that if this latter statement had been made, the plaintiffs, by proper admissions, would have removed any desire for a continuance.

The plaintiffs' case seems to be fully made out on the merits. They have prayed for damages for frivolous appeal.

It is therefore ordered that the judgment appealed from be affirmed, with costs and with fifty dollars, damages.